**IN THE COURT OF APPEALS OF IOWA**

No. 14-2017
Filed February 25, 2015

**IN THE INTEREST OF A.B., J.B., AND D.B.,**
**Minor Children,**

**T.B., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Iowa County, Jane F. Spande, District Associate Judge.

A father appeals the termination of his parental rights to two children, born in 2010 and 2012. **AFFIRMED.**

Robert W. Davison, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Timothy McMeen, County Attorney, for appellee State.

Dennis Mathahs, Marengo, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

A father appeals the termination of his parental rights to two children, born in 2010 and 2012. He also challenges a termination ruling as to a third child, contending he is the "putative father" of this child. However, the juvenile court determined the father of the third child could not reasonably be discovered. We conclude this appeal only involves the father's parental rights to the two children.

The father (1) challenges the grounds for termination cited by the juvenile court and (2) contends termination was not in the children's best interests. On our de novo review, we are not persuaded by either argument.

**I.** The juvenile court terminated the father's parental rights to the older child pursuant to Iowa Code sections 232.116(1)(f) and (i) (2013), and the younger child pursuant to Iowa Code sections (h) and (i). The State concedes section (h) is inapplicable. We examine paragraph (i), applicable to both children. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (stating we may affirm if we find clear and convincing evidence to support any statutory ground cited by the juvenile court).

Paragraph (i) requires proof of several elements including proof "the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time." This ground was satisfied.

The Department of Human Services began investigating the family in 2012 based on the filthy conditions in the parents' home. The State filed a child-in-need-of-assistance action. The parents improved the conditions and the action was dismissed.

Within a month, home conditions had again deteriorated. The State filed a second child-in-need-of-assistance petition. The children were placed with their paternal great-grandmother, who lived next door to the parents. The parents saw the children almost daily. They made sufficient progress towards reunification goals that the children were returned to their care on a trial basis, first with both parents and then with the father, who had since separated from the mother and moved in with his grandmother. Because the trial home placement was shaky, the department asked the court for an additional six months to facilitate reunification.

In time, police found the children close to a highway near the grandmother's home. Their father and his new girlfriend were asleep inside the home. The children were removed from his care and placed in foster care.[1]

The father regularly attended supervised visits with the children but, when the visits became semi-supervised, he violated protocol by bringing along an un-approved person.

The father was afforded extensive reunification services over a two-year period. At the department's behest, services continued well beyond the statutory deadline for consideration of termination. *See In re C.B. and G.L.*, 611 N.W.2d 489, 494-95 (Iowa 2000) ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency."); *see also In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) (after statutory time, the patience with parents must yield to needs of the child). A department employee did not see

---

[1] The grandmother stated her health prevented her from serving as caretaker again.

reunification prospects changing if the father were afforded more time. We conclude the State proved this ground for termination.

**II.** Termination must be in the children's best interests. Iowa Code § 232.116(2); see *In re P.L.*, 778 N.W.2d 33, 36-39 (Iowa 2010). A service provider acknowledged the father was "affectionate with the kids during visits." She nonetheless opined termination was in the children's best interests "[f]or safety reasons." We concur in this assessment.

The father was equipped with the support and resources of the department as well as his grandmother. Both did everything in their power to facilitate reunification. The father squandered this opportunity. His inattention to the young children placed them at risk of serious injury, if not death.

We conclude termination of the father's parental rights to the two children was in the children's best interests.

**AFFIRMED.**